IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CITY OF HIALEAH EMPLOYEES' | : | CIVIL ACTION |
| RETIREMENT SYSTEM AND | : | |
| LABORERS PENSION TRUST FUNDS | : | NO.  07-1513 |
| FOR NORTHERN CALIFORNIA, | : | |
| on behalf of themselves and all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOLL BROTHERS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

Giles, J.                                                                      August 29, 2008

## I.      INTRODUCTION

Before the court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 32).  Plaintiffs

bring this prospective class action suit on behalf of themselves and all others similarly situated,

alleging several violations of the Securities Exchange Act of 1934 ("the Act").  For the reasons

outlined below, Defendants' Motion to Dismiss is denied.

Plaintiffs, The City of Hialeah Employees' Retirement System and Laborers Pension

Trust Funds for Northern California, bring this securities fraud class action against defendant

Toll Brothers, Inc. ("Toll Brothers") and individual defendants Bruce E. Toll ("B. Toll"), Robert

I. Toll ("R. Toll"), Zvi Barzilay ("Barzilay"), Robert S. Blank ("Blank"), Joel H. Rassman

("Rassman"), Richard Braemer ("Braemer"), Paul E. Shapiro ("Shapiro"), Carl B. Marbach

("Marbach") and Joseph R. Sicree ("Sicree") (collectively "Defendants").  Plaintiffs allege that

between December 9, 2004 and November 8, 2005 ("the Class Period"), Defendants made

written and oral statements regarding current conditions as well as forward-looking statements

that were material misrepresentations about Toll Brothers, and which failed to disclose the

adverse developments that were adversely impacting the business.  Plaintiffs bring this action

under §§ 10(b), 20(a) and 20A of the Act (15 U.S.C. §§ 78j(b), 78t(a) and 78t-1) and Rule 10b-5

promulgated thereunder (17 C.F.R. §§ 240.10b-5).


## II.      DISCUSSION

Defendants bring their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and argue, in

part, that Plaintiffs' Amended Complaint must be dismissed because Plaintiffs have not met the

stringent pleading requirements set forth by the Private Securities Litigation Reform Act of 1995

(PSLRA), 109 Stat. 737, and Fed. R. Civ. P. 9(b).

In deciding Defendant's motion, the court must "accept the plaintiffs' factual allegations

as true and give the plaintiffs the benefits of inferences which we may fairly draw from them."

See In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 366 (3d Cir. 1993).  The PSLRA

"requires plaintiffs to state with particularity both the facts constituting the alleged violation, and

the facts evidencing scienter."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499,

2504 (2007).

**A.      Count I**

Plaintiffs bring Count I under 10(b)[1] of the Act and Rule 10b-5.[2]  Plaintiffs allege that during the Class Period, Defendants made material misrepresentations and omitted material facts in public written and oral statements about Toll Brothers' revenues, growth and stock, as well as the demand for luxury homes built by Toll Brothers.

A claim brought under §10(b) of the Act and Rule 10b-5 requires the following elements: (1) a material misrepresentation or omission of fact; (2) scienter, i.e., a wrongful state of mind;

---

[1] Section 10(b) provides in pertinent part:

> It shall be unlawful for any person, directly or indirectly . . .

> (b)  to use or employ, in connection with the purchase or sale of any security . . ., any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

[2] Rule 10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality . . .
> (a)  To employ any device, scheme, or artifice to defraud,
> (b)  To make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c)  To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

> In connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

(3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6)

loss causation.  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005) (citations omitted).

Defendants allege that Plaintiffs claims based on Defendants' projections must be

dismissed as a matter of law.

### 1.      Material misrepresentation or omission of fact

The court finds that Plaintiffs have pled with sufficient particularity facts in support of

their allegation that Defendants made material misrepresentations and omissions of material fact

that were knowingly unreasonable at the time they were made, and which concerned both current

conditions as well as future projections and other forward-looking statements.  Plaintiffs have

met this element of a §10(b) and Rule 10b-5 claim.

### a.      Plaintiffs have alleged that Defendants made material misrepresentations and omissions in statements regarding current conditions and circumstances.

First, the court finds that Plaintiffs have adequately alleged that Defendants made

material misrepresentations and omissions of material facts in statements regarding existing

material facts regarding, but not limited to, traffic, demand, and Defendants' ability to add new

selling communities in fiscal year 2005.  The court finds that Plaintiffs' allegations are not

limited to forward-looking statements.  In their Amended Complaint, Plaintiffs allege that

Defendants made material misrepresentations and omissions concerning then-existing facts, and

Plaintiffs identify specific statements in support of this allegation.  Included among these

misrepresentations and omissions is Defendants' failure to disclose that traffic had decreased

through fiscal year 2005, that demand for Toll Brothers' homes had softened and that Toll

Brothers new selling communities were delayed.

Plaintiffs have alleged that these misrepresentations and omissions about existing facts

and conditions were knowingly made without a reasonable basis.  Further, because these

statements were not forward-looking, the "bespeaks caution" doctrine and the safe harbor

provision of the PSLRA are inapplicable.  See In re Donald J. Trump Casino Sec. Litig., 7 F.3d

357, 371 (3d Cir. 1993); 15 U.S.C. § 78u-5(a), (c)(1).

The court concludes that Plaintiffs have adequately pled actionable, material, non-forward

looking misrepresentations and omissions.

> **b.     Plaintiffs have alleged that Defendants made material
> misrepresentations and omissions of fact in forward-looking
> statements that were not accompanied by meaningful
> cautionary statements, and thus are not protected by the
> "bespeaks caution" doctrine or the safe harbor provision of the
> PSLRA.**
>
> > **i.     Plaintiffs have adequately alleged that Defendant's
> > forward-looking misrepresentations were knowingly
> > unreasonable at the time that they were made.**

The court finds that, to the extent that the alleged misrepresentations by Defendant were

forward-looking, Plaintiffs have adequately pled specific facts to support their allegation that

these projections lacked any reasonable basis.  Defendants argue that any projections or other

forward-looking statements that they made were reasonable based on Toll Brothers' historical

performance and "hard data" that was revealed to the market.  To accept this argument, however,

would require factual determination by the court as to whether Defendants' projections were

based on the historical performance and "hard data," and that the projections were, in fact,

"reasonable."  That type of factual determination, at the 12(b)(6) pleadings stage, would be

inappropriate.  Plaintiffs have specifically pled that there existed several material adverse facts at

the time the future projections were made that suggest that these projections were unreasonable

at the time they were made.  The specific facts Plaintiffs plead include that Toll Brothers was

experiencing difficulty in opening new selling communities, and that the demand for Toll

Brothers' homes was softening, as evidenced by a decrease in traffic at active selling

communities.  This is sufficient.

        ii.    **Plaintiffs have sufficiently alleged that the "bespeaks caution" doctrine and the safe harbor provision do not render Defendants' forward-looking statements immaterial because these forward-looking statements were not accompanied by sufficient cautionary language and that several such statements were mixed with representations of current conditions.**

In their Motion to Dismiss, Defendants rely on the "bespeaks caution" doctrine and the

safe harbor provision of the PSLRA to argue that, as a matter of law, projections and other

forward-looking statements are immaterial.  Defendants argue that their forward-looking

statements, as identified in the Amended Complaint, were accompanied by such sufficient

cautionary language.  The court finds that Plaintiffs have alleged with adequate particularity that

any forward-looking statements made by Defendants were not accompanied by sufficient

cautionary language, or were statements that combined forward-looking statements with

statements about then-existing (or previously existing) facts.

The Third Circuit has recognized the "bespeaks caution" doctrine, stating that "forward-

looking statements will not form the basis for a securities fraud claim if those statements did not affect the 'total mix' of information the document provided investors.  In other words, cautionary language, if sufficient, renders the alleged omissions or misrepresentations immaterial as a matter of law."  In re Trump, 7 F.3d at 371.  In addition, the PSLRA contains a statutory safe harbor for forward-looking written and oral statements that meet certain requirements.  15 U.S.C. §§ 78u-5. Under the safe harbor provision for written statements, "an issuer is not liable for a forward-looking statement if it is 'identified as a forward looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.'"  EP Medsystems, Inc. v. Echocath, Inc., 135 F.3d 865, 873 (3d Cir. 2000) (citing 15 U.S.C. § 78u-5(c)(1)(A)(I)).  Similar requirements are enumerated in the safe harbor provision for oral forward-looking statements. 15 U.S.C. § 78u-5.

Although Defendants argue that they did issue cautionary statements along with their forward looking statements and projections about Toll Brothers' growth and development, Plaintiffs contend that these cautionary statements are not sufficient under the "bespeaks caution" doctrine or the safe harbor provision so as to render the misrepresentations immaterial.  In support of this argument, Plaintiffs have pled specific facts that Defendants failed to warn the market that, at the time of their forward-looking statements, there existed undisclosed, materially adverse facts about then-existing conditions at Toll Brothers.

In addition, Plaintiffs have alleged that several of Defendants' forward-looking statements at issue also contained misrepresentations about then-existing facts, or facts and circumstances having already transpired.  The court finds that statements of such mixed character

cannot be eligible for protection under "bespeaks caution" or the safe harbor provision.  To allow

otherwise would circumvent the requirement of both the "bespeaks caution" doctrine and the safe

harbor provision that a statement be forward-looking.  See, e.g., In re AOL Time Warner, Inc.

Securities and "ERISA" Litigation, 381 F. Supp. 2d 192, 222-23 (S.D.N.Y. 2004).

The court concludes that Plaintiffs have adequately pled that any cautionary statements

accompanying Defendants' written and oral projections were not meaningful in light of

Defendants' alleged failure to disclose then-existing material facts.

### iii.   Plaintiffs have sufficiently alleged that Defendants' forward-looking statements were material.

A misrepresentation or omitted fact "is material if there is a substantial likelihood that a

reasonable shareholder would consider it important in deciding how to [act]."  TSC Industries,

Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976).  "Materiality is a mixed question of law and

fact, and the delicate assessments of the inference a reasonable shareholder would draw from a

given set of facts are peculiarly for the trier of fact."  EP Medsystems, Inc. v. Echocath, Inc., 235

F.3d 865, 875 (3d Cir. 2000) (quoting Shapiro v. UJB Financial Corp., 964 F.2d 272, 280 n.11

(3d Cir. 1992).  The court cannot rule Defendants' alleged misstatements or omissions

"obviously so unimportant" so as to find them "immaterial as a matter of law at the pleading

stage."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

In sum, the court finds that Plaintiffs have sufficiently alleged that Defendants made

material representations and omissions of material fact in their statements concerning existing

facts and circumstances as well as projections as to future conditions and growth.

2.    **Scienter**

To state a claim under § 10(b) and Rule 10b-5, a plaintiff must "with respect to each act or omission alleged to violate [the federal securities laws], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2) (emphasis added).  The required state of mind is "the defendant's intention 'to deceive, manipulate, or defraud.'" Tellabs, 127 S.Ct. 2504 (quoting Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n.12).

Recently, the United States Supreme Court provided guidance as to what is required to plead scienter in a § 10(b) action, and provided a three part test for considering a motion to dismiss a claim.  First, the court "must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509 (2007) (citation omitted).  Second, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  The inquiry . . . is *all* of the facts alleged, taken collectively, given rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."  Id. at 2509 (emphasis in original).  Third, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inference."  Id. This court must ask: "When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" Id. at 2511.  The Court further defined a "strong inference of scienter," stating that it is an

inference that is "powerful or cogent." Id. It is insufficient for plaintiffs to merely "provide a factual basis for their scienter allegations." Instead, Congress requires "plaintiffs to plead with particularity facts" that give rise to a strong inference. Id. (emphasis added).

Judged against this standard, the court finds that Plaintiffs have pled with particularity facts that give rise to a powerful and cogent inference of scienter. Plaintiffs have alleged that Defendants had motive and opportunity to commit fraud, and have pled facts with particularity in support of that allegation. Specifically, Plaintiffs have alleged that Defendants' stock sales were unusual in scope and timing, and the court finds that these insider trading allegations are pled with the particularity required by the PSLRA. The court cannot examine this inference of scienter in a vacuum, however, and must, as directed by the Supreme Court, "take into account plausible opposing inference." Tellabs, 127 S.Ct. at 2509. In their motion, the individual defendants have offered an explanation other than fraud for the scope and timing of Defendants' stock sales: diversification. The individual defendants argue that the purpose of the stock sales by them was diversification of their investments. The court has considered this opposing inference, and finds that a reasonable person would find that the inference of scienter is at least as strong as this opposing inference offered by Defendants. See Tellabs, 127 S.Ct. at 2511.

### 3.     Connection with the purchase or sale of a security

Defendant does not appear to challenge the sufficiency of Plaintiffs' pleading with respect to this prong, and the court finds that the Amended Complaint sufficiently alleges facts to meet this element.

### 4.     Reliance

Defendant does not appear to challenge the sufficiency of Plaintiffs' pleading with respect

to this prong, and the court finds that the Amended Complaint sufficiently alleges facts to meet this element.

### 5.    Economic loss

Defendant does not appear to challenge the sufficiency of Plaintiffs' pleading with respect to this prong, and the court finds that the Amended Complaint sufficiently alleges facts to meet this element.

### 6.    Loss Causation

Defendants argue that Plaintiff has failed to show a causal connection between its loss and the actionable cause.  In Dura Pharms., Inc. v. Broudo, 544 U.S. 336 (2005), the Supreme Court held that, in order to survive a motion to dismiss, a plaintiff must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind."  Id. at 347.

Having reviewed the complaint, the court finds that Plaintiffs have alleged that the price of Toll Brothers' stock fell after the truth of Defendants' misrepresentations was revealed. Plaintiffs have alleged that Defendants made several statements that revealed the truth about material misrepresentations that Defendants had previously made, specifically referencing statements made on August 4th, August 25th, October 3rd, and November 8, 2005.

Defendants contend that Plaintiffs have inappropriately grouped the alleged "revelations" together in an attempt to establish loss causation.  The court finds that Plaintiffs have alleged, first, that each of the four revelations, and the subsequent drop in stock price are actionable. Second, Plaintiffs have alleged that Defendants, through these four revelations, gradually revealed the truth regarding their prior misrepresentations of demand and traffic.

The court concludes that the allegations of Plaintiffs' Amended Complaint are sufficient to defeat the motion to dismiss with respect to this element of a claim under §10(b) and Rule 10b-5.

### B.      Count II

In Count II, Plaintiffs seek liability under Section 20(a) of the Act against all Defendants. Section 20(a) imposes liability on any person who "directly or indirectly controls" any person liable under any provision of the Exchange Act.  15 U.S.C. 78t(a).  To plead a claim under Section 20(a), Plaintiffs must plead facts that show (1) a § 10(b) violation against the company; and (2) circumstances establishing the defendant's control over the company's actions.  LaFata v. Raytheon Co., 207 F.R.D. 33, 45 n.5 (E.D. Pa. 2002).

The court has concluded above that Plaintiffs have pled a claim against Toll Brothers for violations of § 10(b).  Further, Plaintiffs have alleged that each of the individual defendants "had the power to influence and control and did influence and control, directly and indirectly, the decision-making of the Company, including the content of dissemination of the various statements which plaintiffs contend are false and misleading."  (Amend. Compl. ¶ 184; see also Amend. Compl. ¶¶ 183-186.)  This is sufficient to state a claim under § 20(a), and Defendants' Motion to Dismiss Count II is denied.

### C.      Count III

Similarly, Defendants argue that Count III, as pled against individual defendants R. Toll, B. Toll and Sicree, must be dismissed because Plaintiffs have not stated a claim of a separate,

underlying violation of the Exchange Act.  Because the court has found that Plaintiffs have stated

a claim for a violation of § 10(b) and Plaintiffs have alleged facts that these individual defendants

traded stock "while in possession of material, nonpublic information," the court finds that

Plaintiffs have stated a claim under Section 20(A).  Defendants' Motion to Dismiss Count III is

denied.  15 U.S.C. § 78t-1(a); see also In re Advanta Sec. Litig., 180 F.3d 525, 541 (3d Cir.

1999)


**III.    CONCLUSION**

   For the reasons stated above, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is

denied.  An appropriate order follows.