IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CITY OF HIALEAH EMPLOYEES' :    CIVIL ACTION
RETIREMENT SYSTEM and LABORERS :
PENSION TRUST FUNDS FOR :
NORTHERN CALIFORNIA, on Behalf of :
Themselves and All Others Similarly :
Situated, :
     :
             Plaintiffs, :    NO. 07-1513
     :
     v. :
     :
TOLL BROTHERS, INC., et al., :
     :
             Defendants. :

## ORDER

On August 14, 2007, Plaintiffs filed an Amended Complaint against Defendants Toll

Brothers, Inc., *et al*. On September 2, 2008, Judge James T. Giles denied Defendants' Motion to

Dismiss (Docket No. 58) ("the Order"). On September 23, 2008, this matter was transferred to

the docket of Judge J. Curtis Joyner. On October 29, 2008, Defendants answered the Amended

Complaint. On that same day, Defendants filed a Motion for Judgment on the Pleadings or, in

the Alternative, for Reconsideration or Certification of Interlocutory Appeal Under 28 U.S.C. §

1292(b) (Docket No. 71) (" the Motion").[1] On November 13, 2008, this matter was transferred to

the docket of this Court. Plaintiffs filed a Response to the Motion on November 26, 2008

(Docket No. 88). Defendants filed a Reply on December 10, 2008 (Docket No. 93).

In the Motion, Defendants argue, first, that the Amended Complaint should be dismissed

---

[1] Defendants also filed a Motion to Stay Discovery pending resolution of the Motion.
The Court later granted this request.

outright because it fails to satisfy the heightened pleading requirements created by the Private

Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq. ("PSLRA"), for allegations

made on information and belief.  Second, Defendants contend that, alternatively, the Court

should reconsider several of Judge Giles' conclusions of law – more specifically, that the Court

should conclude Judge Giles erred because the Order failed to apply the PSLRA's requirements

for pleading (a) the falsity of alleged misstatements and (b) a strong inference of scienter.

Finally, Defendants argue that if the Court does not dismiss the Amended Complaint on those

grounds, it should certify the Order for immediate interlocutory appeal under 28 U.S.C. §

1292(b), because (a) there are clear errors of law that are reversible on appeal and (b) there are

substantial grounds for a difference of opinion with the application of the PSLRA's pleading

requirements in the Order.

Naturally, Plaintiffs disagree.  First, Plaintiffs contend that Defendants' Motion merely

rehashes arguments previously made in the Defendants' 12(b)(6) motion.  Second, Plaintiffs

argue that even if Defendants' arguments regarding documentary evidence could be construed as

new, they have been waived because they could have been asserted in Defendants' 12(b)(6)

motion.  Third, Plaintiffs assert that their allegations of documentary evidence of scienter

nonetheless satisfy the PSLRA's pleading requirements.  Accordingly, Plaintiffs argue that the

Amended Complaint is sufficient to withstand a motion for judgment on the pleadings and that

the Court should not reconsider the Order.  In addition, Plaintiffs posit that the Order need not be

certified for interlocutory appeal because there is (a) no controlling question of law at issue and

(b) no substantial ground for a difference of opinion.

In the Reply, Defendants largely repeat arguments made in the Motion.

Throughout the briefing on the Motion, there is discussion of an opinion issued by Judge Bartle in Clark v. Comcast Corp., No. 08-civ-52, 2008 WL 3930560 (E.D. Pa. Aug. 25, 2008) – prior to the filing of the Order.  Defendants contend that if Judge Giles had followed the reasoning in Clark, he would have had no choice but to dismiss the Amended Complaint.  In response, Plaintiffs argue that Clark is a non-binding opinion from a parallel court that is easily distinguished.

The Court has carefully considered the lengthy submissions of the parties and the arguments contained therein.  At the time the Order was issued, Judge Giles was a highly experienced and skilled jurist who had served on the federal bench for more than 28 years, including 7 years as Chief Judge, and he had authored numerous opinions related to securities fraud.[2]  Judge Giles issued the Order after considering extensive briefing over an extended period of time.  The Court finds Judge Giles' Order to be cogently reasoned and is not convinced by Defendants' arguments that he erred.  In addition, the Court does not find that the Clark decision, of which Judge Giles had the benefit, requires granting the Motion.  Accordingly, the Court will deny the Motion as to judgment on the pleadings for failure to state a claim and the request for reconsideration.

Under 28 U.S.C. § 1292(b), the Court may certify a non-final order for immediate interlocutory appeal where "(1) the certified order involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to that question[;] and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See, e.g., Alexander v. Wash. Mut., Inc., No. 07-4426, 2008 WL 3285845, *2 (E.D. Pa. Aug. 4, 2008)

---

[2] Judge Giles has left the bench for private practice.

3

(granting motion for certification);  28 U.S.C.§ 1292(B).  A controlling question of law is "one

that would result in reversal of a judgment after final hearing." Katz v. Carte Blanche Corp., 496

F.2d 747, 755 (3d Cir. 1974).

The Court recognizes that securities law is a fast-evolving creature, and understands that

interpretation of the PSLRA's requirements is an ongoing process involving important legal

standards that affect a wide swath of civil litigation.  Despite the Court's decision not to disturb

the Order, upon careful reflection, the Court finds that the Order does implicate controlling

questions of law about which there may be grounds for a legitimate difference of opinion, so that

consideration by the Court of Appeals is appropriate.  Were the Court of Appeals to decide the

Order incorrectly or inadequately applied the law, such a conclusion might well result in reversal

of the Order and dismissal of the instant action.  As such, an immediate appeal would best

advance the termination or continuation of this very protracted and likely quite expensive

litigation.  Accordingly, the Court concludes it is in the best legal and practical interests that the

Order be certified for an immediate interlocutory appeal.

*    *    *

**AND NOW**, this 21st day of September, 2009, it is hereby **ORDERED** that:

1.    Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for

Reconsideration or Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)

(Docket No. 71) is **DENIED IN PART AND GRANTED IN PART**, as follows:

a.    The Motion is denied as to judgment on the pleadings for failure to state a claim

and the request for reconsideration.

b.    The Motion is granted as to certification of interlocutory appeal.

4

2.    The August 29, 2008 Order (Docket No. 58) is **CERTIFIED** for immediate interlocutory

appeal pursuant to 28 U.S.C. § 1292(b).

3.    Discovery remains **STAYED** pending the outcome of the interlocutory appeal before the

U.S. Court of Appeals for the Third Circuit.

4.    The Clerk shall place this matter in **SUSPENSE** pending the outcome of the interlocutory

appeal before the U.S. Court of Appeals for the Third Circuit.


BY THE COURT:

/s/ C. Darnell Jones II

_____

C. DARNELL JONES II        J.