IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM and LABORERS PENSION TRUST FUNDS FOR NORTHERN CALIFORNIA, on Behalf of Themselves and All Others Similarly Situated, | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 07-1513 |
| v. | : | |
| TOLL BROTHERS, INC., et al., | : | |
| Defendants. | : | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court (Docket No. 125), dated November 3, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 25, 2010 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class, and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Action, and all claims contained therein, including all of the Released Claims, are hereby dismissed with

prejudice as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Lead Plaintiffs or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

6. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiffs, Lead Counsel, any other counsel for any other plaintiff and each and all of the Settlement Class Members and their counsel.

7. Notwithstanding anything to the contrary above, the Released Claims do not include claims (i) to enforce the Final Judgment and Order and the Settlement, and any or all of their terms, including, but not limited to, the releases provided for in the Final Judgment and Order, or (ii) belonging to Defendants against their insurers or any other person not a party hereto.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and Motion for Award of Attorneys' Fees and Expenses and the publication of the Summary Notice

as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable of the matters set forth therein, including the proposed Settlement set forth in the Stipulation and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Class Action Fairness Act of 2005, 28 U.S.C. §1715, the requirements of due process, and any other applicable law. Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice. Counsel for Defendants has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

9. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel,

full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and/or the Settlement.

12. This Final Judgment and Order is a final judgment in the Action as to all claims asserted. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, or to such Person that paid the Settlement Amount, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Case 2:07-cv-01513-CDJ Document 134-1 Filed 02/16/11 Page 6 of 8

15. The dismissal without prejudice of Joel H. Rassman entered on October 6, 2010, is hereby converted to a dismissal with prejudice.

IT IS SO ORDERED.

DATED: March 4, 2011

C. Darnell Jones II

THE HONORABLE C. DARNELL JONES, II
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

TOLL BROTHERS, INC. SECURITIES LITIGATION

REQUESTS FOR EXCLUSION

EXHIBIT 1

Keith D. Bryan
Eubert H. Burgess
Jane E. Kulla
John J. and Joyce Murphy
Elizabeth M. Smerak
Philip C. Cockrill
Audré Suzanne Robertson
Douglas W. Steele